IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 9, 2002

## STATE OF TENNESSEE v. DAVID TYRONE DOWELL

**Appeal from the Circuit Court for Tipton County**
**No. 4102     Joseph H. Walker, Judge**

---

**No. W2001-02161-CCA-R3-CD  - Filed June 18, 2002**

---

The defendant, David Tyrone Dowell, appeals the sentence imposed by the trial court on his guilty-plea-based aggravated assault conviction.  Because the record supports the trial court's sentencing determination, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and DAVID G. HAYES, JJ., joined.

Gary F. Antrican, Covington, Tennessee, for the Appellant, David Tyrone Dowell.

Paul G. Summers, Attorney General & Reporter; Christine M. Lapps, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Kim Linville, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The facts leading to the defendant's guilty plea to aggravated assault are gleaned from the sentencing hearing in which both the victim and the defendant testified. On September 29, 2000, the defendant went to the victim Larry Stafford's residence twice to collect a $40 debt.  After being turned away the first time, the defendant returned with a pistol.  Although he claimed that he carried the pistol for protection, he shot the victim in the right leg when the victim blocked him from entering the victim's house.

The defendant pleaded guilty to aggravated assault via the use of a deadly weapon, *see* Tenn. Code Ann. § 39-13-102(a)(1)(B) (1997), but submitted his case to the trial court to determine the length and manner of service of the sentence, *see* Tenn. R. Crim. P. 11(e).  The presentence investigative report revealed that, at the time of the sentencing, the defendant was 24 years old.  His prior criminal record consists of convictions for criminal trespass (2000), driving without a license (2000), assault (1999), disorderly conduct (1998), possession of marijuana (1998),

resisting arrest (1997), possession of marijuana (1997), failure to stop at the scene of an accident (1995), speeding (1996), and failure to yield (1995). In six of the first seven convictions listed, the defendant was awarded probation, either at the inception of the sentences or after short periods of jail confinement. In the present case, the trial court imposed a sentence of five years, six months and denied any form of sentencing alternative to incarceration. In his appeal, the defendant challenges only the length of his Department of Corrections sentence.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. §40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). "The burden of showing that the sentence is improper is upon the appellant." *Id.* In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely *de novo*. *Id.* If appellate review reflects the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, "even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In making its sentencing determination, the trial court, at the "conclusion of the sentencing hearing," determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §40-35-210(a), (b) (1997); Tenn. Code Ann. §40-35-103(5)(1990); *State v. Holland*, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

In the present case, the applicable sentencing range is three years to six years. Tenn. Code Ann. § 39-13-102(a)(1)(B), (d) (1997) (establishing aggravated assault via the use or display of a deadly weapon as a Class C felony); *id.* § 40-35-112(a)(3) (1997) (establishing sentence range for Class C offenses). As a Class C felony, the starting point for the court's calculation of the sentence is the minimum sentence of three years. *Id.* § 40-35-210(c) (Supp. 2001). The trial court found no mitigating factors. It enhanced the sentence based upon (1) the defendant's prior criminal record, *see id.* § 40-35-114(1) (2001), and (2) "the facts of this case, [including] carrying a pistol to someone else's house and shooting through a door and striking them."

The defendant does not challenge the use of the first enhancement factor. Indeed, the defendant's "previous history of criminal convictions or criminal behavior in addition to those necessary to establish" the range justifies sentence enhancement. *See id.* Instead, given that the defendant's prior criminal record consists of misdemeanors, the defendant complains that the trial court excessively weighed his record of criminal convictions.

The defendant's claim notwithstanding, our law is settled that a trial court that follows the sentencing principles and guidelines has discretion to weigh the applicable enhancement and mitigating factors in determining the length of a defendant's sentence. *State v. Hayes*, 899 S.W.2d 175, 185 (Tenn. Crim. App. 1995). The ambit of the trial court's discretion in weighing the factors is sufficiently broad that, if the court follows the pertinent guidelines, we will not disturb the sentence even if we would have preferred a different result. *State v. Moss*, 727 S.W.2d 229, 238 (Tenn. 1986); *Fletcher*, 805 S.W.2d at 789. Enhancement factor (1) clearly applies, and we will not quibble with the trial court's weighing of the factor. In passing, we comment that the defendant's criminal conduct became more active as he got older. He first committed traffic offenses, then committed offenses such as resisting arrest and possession of marijuana, and more recently, he was convicted of assault, driving on a suspended license, and criminal trespass, the latter conviction emanating from an offense that occurred only six months prior to the offense presently at issue. We think it also instructive that one of the prior offenses was an assault and another was criminal trespass.

In short, the trial court followed the sentencing principles and guidelines, and we defer to its weighing of enhancement factor (1).

We now address the defendant's complaint about the second enhancing factor used by the trial court, that the defendant took a gun to the victim's house and shot him through the door. It is unclear to which of the statutory enhancement factors the trial judge was referring when he articulated this enhancement consideration. The defendant construes the trial judge's remark as referring to statutory factor (9), that the defendant "possessed or employed a firearm, explosive device or other deadly weapon during the commission of the offense." *See* Tenn. Code Ann. § 40-35-114(9) (Supp. 2001). He correctly states that factor (9) is inapplicable because the use of a deadly weapon is an element of the conviction offense. *See id.* § 39-13-102(a)(1) (1997) ("a person commits aggravated assault who . . . [r]ecklessly commits an assault [that intentionally, knowingly or recklessly causes bodily injury] and. . . [u]ses or displays a deadly weapon."); *see generally id.* § 40-35-114 (Supp. 2001); *State v. Jones*, 883 S.W.2d 597, 601 (Tenn. 1994) (appropriate enhancement factors not themselves essential elements of the offense may be applied). The state, however, posits that the trial judge intended to apply factor (10), that "the defendant had no hesitation about committing a crime when the risk to human life was high." Tenn. Code Ann. § 40-35-114(10) (Supp. 2001).

Although it is unclear whether the trial judge intended to apply factor (10), upon our *de novo* review, we hold that factor (10) applies in the present case. We realize that "there is necessarily a high risk to human life and the great potential for bodily injury whenever a deadly weapon is used." *State v. Nix*, 922 S.W.2d 894 (Tenn. Crim. App. 1995). Consequently, factor (10) embraces an element of the conviction offense of aggravated assault. *Id.; see* Tenn. Code Ann. § 39-13-102(a)(1) (1997). Thus, factor (10) is not applicable merely because the victim was placed at risk; however, the factor may be applied when the defendant's actions create risk to one or more individuals other than the victim. *State v. Ruane*, 912 S.W.2d 766, 784 (Tenn. Crim. App. 1995); *State v. Makoka*, 885 S.W.2d 366, 373 (Tenn. Crim. App. 1994). At the sentencing hearing, the

proof showed that the victim's five-year-old stepdaughter was in the house and witnessed at least a portion of the incident. The defendant testified that, not only did he know that the victim's stepdaughter was in the victim's house on the evening of September 29, 2000, but he left the victim's house the first time because of the child's presence. Yet, when he returned, he fired the pistol into this house, risking not only the victim's life but also that of the child. We hold that factor (10) applies because of the risk to a third party.

Based upon the application of two enhancement factors and no mitigating factors, we conclude that the trial court's sentence of five years and six months is supported in the record. Accordingly, the judgment below is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE